## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD ERIC ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-CV-156 HEA |
| | ) |
| STODDARD COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff Lloyd Eric Anderson, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), to proceed in this Court without prepaying fees and costs. The Court has reviewed the application and the financial information therein and will assess an initial filing fee of $48.02. Additionally, the Court will require plaintiff to amend his complaint on a court-provided form.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $240.12. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $48.02.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Stoddard County Jail, Sheriff Carl Heffner and Jail Administrator Christopher Cross. He sues Sheriff Heffner and Jail Administrator Cross in their individual and official capacities. His claims arise from events that occurred when he was a pretrial detainee at the Stoddard County Jail.

Plaintiff asserts that he was being held in the Stoddard County Jail while awaiting trial on a criminal charge in a Missouri State case.[1] *See State v. Anderson,* No. 19SD-CR00010-01 (35th Judicial Circuit, Stoddard County Court). Plaintiff asserts that from January 27, 2020 through February 25, 2020, he was kept in an overcrowded cell at Stoddard County Jail where four men slept in the cell instead of two. [2]

Plaintiff states that he was given the five-foot-two space on the floor to sleep near the toilet. He claims that his feet were placed near the toilet such that if the other men got up to use the toilet in the middle of the night, a mixture of urine and water could sprinkle either his blanket or legs.

Plaintiff does not indicate who placed him in the cell to sleep with the three other men, nor does he indicate who told him to sleep on the floor. Plaintiff also does not state whether a correctional officer or the Sheriff or Jail Administrator told him to sleep near the toilet. Plaintiff has also not indicated whether he complained about the issue or if he complained what he was told by correctional officers, the Jail Administrator or the Sheriff.

---

[1] A review of Missouri.Case.Net indicates that plaintiff was charged with failure to register as a sex offender in violation of Missouri Revised Statute § 589.400. He was picked up on a warrant on January 27, 2020, and he was arraigned and remanded to custody on January 28, 2020. *See State v. Anderson,* No. 19SD-CR00010 (35th Judicial Circuit, Stoddard County Court).

[2] This appears to calculate to approximately twenty-eight days.

3

Plaintiff seeks $4 million in damages in this action for the purported violation of his civil rights.

## Discussion

Plaintiff alleges he was subjected to unconstitutional conditions of confinement. Because plaintiff was a pretrial detainee at the time in question, his claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013) (citing *Morris v. Zefferi,* 601 F.3d 805, 809 (8th Cir. 2010)); *see also Davis v. Oregon County, Missouri,* 607 F.3d 543, 548 (8th Cir. 2010) (citing *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)). However, the Fourteenth Amendment affords "at least as great" protection to pretrial detainees as the Eighth Amendment affords to convicted prisoners. *Stickley*, 703 F.3d at 421. Courts have therefore consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014).

A pretrial detainee's conditions of confinement are unconstitutional if they amount to punishment. *Stickley,* 703 F.3d at 423 (citing *Morris,* 601 F.3d at 809). To state a plausible conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). The duration of the exposure to the conditions and the harm suffered are key facts in determining whether this element has been satisfied. *Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996); *Whitnack v. Douglas Cty.,* 16 F.3d 954, 958 (8th Cir. 1994). To satisfy the subjective element, plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety, meaning that the defendant actually knew of

4

and disregarded the risk. *Farmer*, 511 U.S. at 834, *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

Plaintiff alleges he was required to sleep on the floor with his feet near the toilet for approximately twenty-eight days. However, he does not allege who purportedly told him he had to sleep on the floor, nor does he allege that he told defendants about his placement near the toilet or that the consequences of lying near the toilet at night were that urine sprinkled him or his blanket when others went to the restroom.

Plaintiff has not indicated that any of the defendants at the Jail knew of the conditions he allegedly complains of or deliberately disregarded the risk to his healthy and safety. Instead, plaintiff's allegations sound in *respondeat superior*, which is not actionable in § 1983 actions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Similarly, plaintiff's allegations against the Jail are also not actionable and are subject to dismissal. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). However, because plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below.

Plaintiff is advised that the amended complaint will completely replace the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must submit the amended complaint on the court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should

5

also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  When suing multiple defendants, it is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for plaintiff to make general allegations against all the defendants as a group.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Plaintiff's motion for appointment of counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $48.02 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a Court form for filing a prisoner civil rights action.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in this action, on a court-provided form, no later than twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court's Memorandum and Order will result in a dismissal of this action, without prejudice.

Dated this 4th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE